UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

510 W42 HOLDINGS, LLC,                                    Civil Case No.:

                         Petitioner,            PETITION TO VACATE
                                            <u>ARBITRATION AWARD</u>

-against-


THE NEW YORK HOTEL & MOTEL TRADES COUNCIL,
AFL-CIO,

                         Respondent.
-----------------------------------------------------------------------X

       Petitioner 510 W42 Holdings LLC, as and for its Petition, to vacate an arbitration award entered in favor of respondent dated April 7, 2020, states as follows:

## PRELIMINARY STATEMENT

    1.     Petitioner 510 W42 Holdings LLC brings this action pursuant to 9 U.S.C. §10 to vacate an arbitration award that was rendered in favor of Respondent The New York Hotel & Motel Trades Council, AFL-CIO for the reasons that the arbitrator exceeded his authority in several ways, the arbitration award is a manifest disregard of the parties' agreement as it is based on an agreement to which Petitioner 510 W42 Holdings LLC is not bound, and the arbitration award is tainted by the arbitrator's evident partiality.

## THE PARTIES

    2.     Petitioner 510 W42 Holdings, LLC is a company organized and existing under the laws of the state of Delaware.  510 W42 Holdings, LLC owns real estate on which a hotel, Cachet Boutique Hotel NYC, is located and operated.

3.      Respondent, The New York Hotel & Motel Trades Council, AFL-CIO ("HTC" or the "Union") is a labor organization, representing collective bargaining agent employees.  Its office is located at 707 Eighth Avenue, New York, New York.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this action pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and 9 U.S.C. §10.

## VENUE

5.       Venue is proper in this district pursuant to 29 U.S.C. §§ 185(a),(c), 9 U.S.C. § 9, and 28 U.S.C. § 1391, because this is the United States court in the judicial district in which the Respondent resides and is registered to do business and the events or omissions giving rise to the claims also occurred in this district.

## FACTS

6.      510 W42 Holdings, LLC purchased 42nd Street Hotel, LLC d/b/a The Out NYC, a hotel that had been a signatory to a collective bargaining agreement with the Union on January 7, 2017, referred to as the Division A Collective Bargaining Agreement.

7.      When 510 W42 Holdings, LLC purchased 42nd Street Hotel, LLC d/b/a The Out NYC, it was required to assume the Division A Collective Bargaining Agreement between The Out NYC and the Union.  (See Theresa M. Roche Decl., Exhibit A).

8.      Due to the COVID-19 pandemic that began to plague New York City in March 2020, and the significant government restrictions placed on practically every

business, beginning on March 20, 2022, and continuing through the present time, the Cachet Boutique Hotel NYC has been unable to provide hotel services.

9.     Therefore, on March 22, 2020, Cachet Boutique Hotel NYC temporarily laid off most of its employees except for four (4) engineers, a chief engineer, and a part-time accounting manager who have remained working to ensure the safety of the hotel.

10.     In a panic given the state of the world from the COVID-19 pandemic, on March 25, 2020, Petitioner 510 W42 Holdings, LLC informed the Union, through its counsel, that it intended on permanently closing Cachet Boutique Hotel NYC.

11.     Later on March 25, 2020, the Union filed an emergency demand for arbitration pursuant to Article VIII of the Division A CBA alleging Cachet Boutique Hotel NYC failed to (1) make continued Health Benefit Fund contributions in accordance with Article XXIV of the Division A CBA (severance clause); and (2) comply with the closure and notice of closure provisions of Article XXIII of the Division A CBA (closure clause).  (See Theresa M. Roche Decl., Exhibit B).

12.     Despite counsel for Petitioner's requests that a hearing be scheduled for later the following week to permit Petitioner and its counsel time to prepare and because Petitioner's counsel was unavailable, the following day, a telephonic hearing was conducted on March 27, 2020.

13.     Prior to the March 27, 2020 hearing, Cachet Boutique Hotel NYC, through its counsel, informed the Union that it rescinded its decision to permanently close because of the anticipated passage of a stimulus bill, and would merely proceed with temporary layoffs.

14.     On April 7, 2020, Impartial Chairperson, Elliott Shriftman ("IC"), the assigned arbitral body under the Division A CBA, issued an arbitration award concerning Cachet Boutique Hotel NYC (the "Award")[1].

**The Award**

   A.  **Medical Contributions to Laid-Off Employees**

15.     The Award requires Cachet Boutique Hotel NYC to, in relevant part, pay four (4) months of medical contributions for its temporarily laid off employees covered by the Division A CBA.  (See Theresa M. Roche Decl., Exhibit C).

16.     This conclusion reached by the IC was based exclusively on a prior award issued by the IC (decision #2020-20) with respect to other hotels, which prior award did not apply to Petitioner, and which prior award was based on an entirely different collective bargaining agreement to which other hotels, but not Cachet Boutique Hotel NYC, is bound, and is referred to as the "Industry Wide Agreement".  (See Theresa M. Roche Decl., Exhibits D and E).

17.     In the IC's award in decision #2020-20, he concluded that, because it is unknown how long hotel closures and layoffs will last (for hotels bound by the Industry Wide Agreement), and because the IC is "sympathetic to the plight of the laid off employees", hotels bound by the Industry Wide Agreement are required to make health benefit contributions for laid off employees for a period of up to four months, purportedly in accordance with Article 52 of the Industry Wide Agreement.  (See Theresa M. Roche Decl. Exhibit D at 13-16; Exhibit E at Article 52).

18.     However, Article 52 of the Industry Wide Agreement does not require employers to make health benefit contributions for laid off employees for a period of up

---

[1] There is no corporate entity Cachet Boutique Hotel NYC that is bound by the Division A CBA.

to four months.  It merely states, in relevant part, "a further payment equal to twenty-five percent (25%) of such amount shall be paid to the New York Hotel Trades Council and Hotel Association of New York City, Inc. Employee Benefit Funds, and said monies shall be allocated among the Funds in such proportions as the ASSOCIATION and the UNION shall agree."  (See Theresa M. Roche Decl. Exhibit E at Article 52).

19.	In the IC's award in decision #2020-20, the IC also determined that it was premature to conclude that the hotels bound by the Industry Wide Agreement were obligated to pay severance wages to laid off employees pursuant to Article 52 (the same provision the IC concluded was triggered with respect to contributions towards the medical insurance fund). (See Theresa M. Roche Decl. Exhibit D at 15).

20.	Cachet Boutique Hotel NYC is not bound by the Industry Wide Agreement; Cachet Boutique Hotel NYC is bound only by the Division A CBA. (See Theresa M. Roche Decl. Exhibit A).

21.	The Division A CBA to which Cachet Boutique Hotel NYC is bound provides relief for "permanently laid off" employees that is different than the relief provided for in Article 52 of the Industry Wide Agreement.  Indeed, Article XXIV of the Division A CBA states, in relevant part, that employers of "permanently laid off" employees:

> shall contribute one (1) day of pay for each year of employment to the Health Benefit for employees with one (1) to five (5) years of employment and two (2) days for each year of employment to the Health Benefit Fund for employees with greater than five (5) years of service.

(See Theresa M. Roche Decl. Exhibit F).

22.     Accordingly, the Award, as it relates to medical contributions for laid off employees, failed to apply the Division A CBA, and instead applies the Industry Wide Agreement to which Petitioner is not bound, and must be vacated.

**B.  Notice of Closure**

23.     The Award also requires, in relevant part, Cachet Boutique Hotel NYC to pay two (2) weeks' wages (rather than the 30 days the Union sought), purportedly under Article XXIII of the Division A CBA, for failure to provide 30 days' notice of a closure. (See Theresa M. Roche Decl. Exhibit C).

24.     Article XXIII of the Division A CBA applies only where a hotel closes, makes major alterations or sells, leases or transfers the establishment.

25.     Here, none of these conditions occurred.  Cachet Boutique Hotel NYC has not closed.  Indeed, at the time of the arbitration hearing, and continuing through the present, it has employees working and specifically informed the Union that it was not closing.

26.     Moreover, Article XXIII of the Division A CBA does not provide for a remedy of payment of two (2) weeks' wages for violating Article XXIII of the CBA. (See Theresa M. Roche Decl. Exhibit F).

27.     Accordingly, the Award must be vacated because the IC arbitrarily, and without any authority under the CBA, concluded that Cachet Boutique Hotel NYC is required to pay two (2) weeks of wages to all employees covered by the Division A CBA.

**C.  Change in Shifts**

28.     The Award also requires, in relevant part, Cachet Boutique Hotel NYC to pay an additional one (1) weeks' wages under Article XL of the CBA for the purported

failure of Cachet Boutique Hotel NYC to give 5 days' notice about change in shifts.  (See Theresa M. Roche Decl. Exhibit C).

29.     However, the demand for arbitration did not identify this issue nor was it addressed at the arbitration hearing.  (See Theresa M. Roche Decl. Exhibit B).

30.     Indeed, the first time this issue was brought to the attention of any of the parties was in the Award.

31.     If Petitioner was notified about this issue before or during the arbitration hearing, it would have argued that (1) Article XL applies to a change to an employees' work schedule, and not as the IC concluded, to the elimination of all hours through a temporary lay-off, which is what happened in this case.

32.     Indeed, the IC's conclusion would result in a windfall to employees through duplicative remedies already provided for in Articles XXIII (closings clause) and XXIV of the Division A CBA (severance clause).

WHEREFORE, Petitioner 510 W42 Holdings LLC respectfully requests that this Court vacate the Impartial Chairperson's Award in this matter and grant such other relief as the Court deems just and proper.

Dated: Lake Success, New York
          June 22, 2020

                                        MILMAN LABUDA LAW GROUP PLLC

                                        By:     /s/ Jamie S. Felsen
                                                3000 Marcus Avenue, Suite 3W8
                                                Lake Success, New York 11042
                                                (516) 328-8899
                                                Attorneys for Petitioner

To:     Joseph Farelli, Esq.
          Pitta LLP
          Counsel for Respondent
          120 Broadway, 28th Floor

New York, New York 10271